Dear Mr. Birkes:
You have requested, on behalf of the Missouri Bar Association, an opinion as to whether, under Missouri law, funds placed in trust accounts established by attorneys pursuant to amended Missouri Supreme Court Rule 4, DR 9-102 for the benefit of the Missouri Lawyer Trust Account Foundation would qualify under12 U.S.C. § 1832(a) (2) for deposit in negotiable order of withdrawal accounts (so-called "NOW accounts" and "Super NOW accounts"). It is the opinion of this office that such funds may be held in these types of accounts.
The question regarding the use of NOW and Super NOW accounts arises because of the Interest On Lawyers Trust Account (IOLTA) program, which was authorized by amended Rule 4, DR 9-102, effective January 1, 1985. Missouri attorneys participating in the IOLTA program deposit clients' funds which are nominal in amount or to be held for a short period of time in an interest-bearing, insured depository account. This would result in the pooling of otherwise unproductive client funds in interest-bearing accounts. All interest earned on such commingled funds would be paid to the Missouri Lawyer Trust Account Foundation (the "Foundation") to be used exclusively for the purposes defined in the Foundation's Articles of Incorporation. Under Article VII of such Articles, the purposes of the Foundation are limited to the following:
 (a) providing civil legal assistance to the poor;
(b) improving the administration of justice;
 (c) promoting such other programs for the benefit of the public as are specifically approved from time to time by the Missouri Supreme Court for exclusively public purposes.
You have informed us that the Foundation was formed as a non-profit corporation, and that it has requested and expects to receive from the Internal Revenue Service a ruling that it is an organization exempt from taxation pursuant to Section 501(c)(3) of the Internal Revenue Code of 1954, as amended. You have further informed us that amended Rule 4, DR 9-102 provides that all accounts ("Accounts") established thereunder must be maintained for the benefit of the Foundation, and that interest earned on the Accounts must be remitted to the Foundation for its exclusive use in carrying out its three specified functions; clients whose funds are deposited in any such account will have no claim or right to any interest earned on such funds — nor will they have any right to withdraw funds directly from such Account. Only the lawyer or law firm opening such Account may withdraw funds therefrom, and even such lawyer or law firm will not be able to withdraw any earned interest, since amended Rule 4, DR 9-102 specifically requires the lawyer or law firm depositing client funds in the Account to direct the depository institution maintaining such Account to remit all interest thereon to the Foundation, and to transmit with each such remittance a statement showing the name of the lawyer or law firm for whom the remittance is sent and the rate of interest paid; a copy of such information is also sent to the lawyer or law firm, but not to any client whose funds were deposited in such Account.
It is recognized that the IOLTA program will be feasible only if interest-bearing NOW and Super NOW accounts are available for the holding of client funds, since such funds must be readily available for withdrawal. NOW and Super NOW Accounts were authorized nationwide by the Consumer Checking Account Equity Act of 1980. Pub.L. No. 96-221, 94 Stat. 145-150. The use of NOW and Super NOW accounts is, however, restricted by the Consumer Checking Account Equity Act. As provided in 12 U.S.C. § 1832(a)(2), such accounts are permitted "only with respect to deposits or accounts which consist solely of funds in which the entire beneficialinterest is held by one or more individuals or by an organization which is operated primarily for religious, philanthropic, charitable, educational, or other similar purposes and which is not operated for profit." (Emphasis added.)
Thus, the question is whether, under Missouri law, NOW and Super NOW accounts used in a manner contemplated by the IOLTA program will allow the "entire beneficial interest" of such Accounts to be held by the Foundation.
The unique feature of a NOW account when compared to a "traditional" checking account, is the interest that may be earned on deposited funds. (See, S. Rep. No. 96-368, 96th Cong. 2nd Sess. 8 (1979), reprinted in 1980 U.S. Code Cong. Ad. News 236, 243.) Thus, the underlying purpose of the Consumer Checking Account Equity Act, from the depositor's point of view at least, is to permit the earning of income on funds subject to withdrawal by negotiable instruments. It would appear that in interpreting the restrictions imposed on NOW account eligibility by 12 U.S.C. § 1832(a)(2) it is appropriate to focus on this single element that primarily differentiates NOW accounts from traditional checking accounts — the authorization for the payment of interest.
Under the IOLTA program the Foundation clearly holds the sole and entire beneficial right and interest in all of the income that may be earned on IOLTA accounts. Neither the attorneys participating in the program, their clients, nor any other person or entity whatsoever obtains any direct financial benefit from the establishment or maintenance of the Accounts. In our view, the significant and distinct beneficial interest in commingled IOLTA accounts is the right to receive all of the income to be earned on the Accounts — particularly so where, as here, the commingled IOLTA accounts are only established in the first instance for the specific purpose of transmitting that income to the Foundation for its exclusive use and sole benefit. Conversely stated, whatever other interests in the IOLTA trust funds may be held by someone other than the Foundation would be an interest that is limited to those aspects of a NOW account that are identical to traditional, non-interest-bearing checking accounts, and such person would, thus, derive no benefit whatever from the income-producing feature which differentiates the NOW account from such traditional non-interest-bearing checking account. Accordingly, we believe that the Foundation holds a beneficial interest in such Accounts to the full extent required by 12 U.S.C. § 1832(a)(2).
We understand that Missouri's IOLTA program established by amended Rule 4, DR 9-102 is very similar to programs already established or proposed in a large number of other states. Numerous other such programs have met the requirements that the recipient foundation or association hold the "entire beneficial interest" of interest-bearing accounts, and programs very similar, if not identical, to the IOLTA program established by Rule 4, DR 9-102 have been approved in numerous other states. Our view of the applicable law is reinforced by an opinion of the Federal Reserve Board's General Counsel that approved, also under 12 U.S.C. § 1832(a) (2), a like program in Florida. In approving such program, the Federal Reserve Board's General Counsel wrote as follows on the question of beneficial interest:
 In his opinion concerning the Program, the Florida Attorney General has expressed the view that . . . the Florida Bar Foundation, Inc. has the exclusive right to the interest on the interest on the trust funds maintained under the Florida Program. Since no entity other than the Foundation has any interest to the income derived from funds maintained under the Program, it would appear that, for purposes of 12 U.S.C. § 1832 and 12 C.F.R. § 217.1(e), the Foundation hold(s) the entire beneficial interest to the funds. Accordingly, it is my opinion that funds held under the Florida Bar Foundation's Interest on Trust Accounts Program are eligible to be maintained in NOW accounts at member banks. [Letter from Michael Bradfield, General Counsel, to Donald M. Middlebrooks (October 15, 1981).]
In the absence of Missouri case law or statutes directly on point, it is difficult to add original thoughts or interpretations to those already expressed in other attorneys general opinions. Instead, consistent with such previous opinions and general trust principles, it is our opinion that the trust accounts to be established under Rule 4, DR 9-102 are eligible under12 U.S.C. § 1832(a)(2) for placement in NOW and Super NOW accounts.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General